

Brent E. Pelton, Esq.
PELTON SERPE LLP
111 Broadway, 9th Floor
New York, New York 10006
(Phone) (212) 725-3600; (Fax)(212) 385-4600
pelton@peltonserpe.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RODNEY MALLOY, Individually and on behalf      :
Of all other Similarly Situated Employees      :
                                                :
                              Plaintiff,        :
                                                :
                                                :
                    -against-                   :
                                                :
RICHARD FLEISCHMAN & ASSOCIATES                 :
INC., RICHARD FLEISCHMAN, and JOHN              :
DOES #1-10, Jointly and Severally               :
                                                :
                              Defendants.        :
                                                :
-------------------------------------------------------------X

2009 CV 00322

CLASS & COLLECTIVE
ACTION COMPLAINT

Demand for a Jury Trial

## NATURE OF THE ACTION

1.      Plaintiff RODNEY MALLOY ("Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from defendants RICHARD FLEISCHMAN & ASSOCIATES INC. ("RFA" or the "Corporate Defendant"., RICHARD FLEISCHMAN ("Fleischman") and JOHN DOES #1-10 (collectively with RFA and Fleischman, the "Defendants") for worked performed for which they received no compensation at all; (ii) unpaid wages for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages, costs and attorneys fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq*.

2.      Plaintiffs further complain on behalf of themselves and a class of all other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they are entitled to wages from Defendants for work performed for which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), and for damages arising out of Defendants' illegal retaliation against Plaintiffs for exercising their rights under the New York Labor Laws.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff RODNEY MALLOY ("Malloy" or "Plaintiff") was, at all relevant times, an adult individual residing in Bridgeport, Connecticut.

7.      Upon information and belief, Defendant Richard Fleischman & Associates, Inc. ("RFA") is a New York corporation with its principal place of business within this district at 330 Madison Avenue in the City, County and State of New York.

2

8.      Upon information and belief, Defendant Fleischman is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendants.

9.      Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

10.      Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants since January 13, 2006 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid wages for all hours worked and overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11.      This collective action class is so numerous that joinder of all members is

3

impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least one hundred and fifty (150) members of the collective action during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

13.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

14.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> a.  whether the Defendants employed the Collective Action members within the meaning of the FLSA;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendants failed to pay the Collective Action Members wages for all hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendants should be enjoined from such violations of the FLSA in the future.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

16. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since January 13, 2003 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the

New York Labor Law and have not been paid wages and overtime wages in violation of the New York Labor Law (the "Class").

18.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are in excess of one hundred fifty (150) members of the Class during the Class Period.

19.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21.     Plaintiff has committed himself to pursuing this action and he has retained competent counsel experienced in employment law and class action litigation.

22.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

6

a. whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants failed and/or refused to pay the members of the Class wages for all hours worked including premium pay for hours worked in excess of forty hours per workweek;

e. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

f. whether the Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

24.     At all relevant times, Defendants have operated an information technology support business employing approximately one hundred thirty employees who provide computer and other technical support to companies throughout the City of New York and surrounding regions.

25.     Upon information and belief, Defendants employ at least one hundred thirty (130) employees at any one time in their IT support business. A large number of Defendants' employees have not received wages and overtime pay as required by the Fair Labor Standards

7

Act.

26.    Plaintiff was employed in a position where he provided helpdesk, desktop support and field support to RFA's clients and employees from on or about February 2006 through December 30, 2008 (the "time period").

27.    Plaintiff worked as a helpdesk attendant from approximately February 2006 through October 2007, desktop support attendant from October 2007 through January 2008 and again from March 2008 through June 2008, and as a field support technician from January 2008 to February 2008 and again from June 2008 through December 30, 2008.

28.    Plaintiff's job functions essentially tracked those of an information technology support specialist as he was responsible for the diagnosis and repair of computer-related problems, as requested by RFA's clients and employees.  Plaintiff conducted problem analysis and would troubleshoot the issue in an effort to resolve problems in person or remotely. Plaintiff set up email and Blackberry accounts, physically set up computer workstations, troubleshot computer problems and errors, maintained backup equipment, archived data, installed and deployed computer programs and provided general computer support to Defendants' clients.

29.    Defendants required Plaintiff to keep track of the time that he worked and, while the Company recognized "Comp. Days", the Company did not pay Plaintiff or its other employees any compensation, let alone time-and-one-half their regular rate of pay, for hours worked in excess of forty hours per week (overtime pay).

30.    Plaintiff was required to work for Defendants well in excess of forty (40) hours per week yet Defendants failed to pay Malloy overtime compensation for hours worked in excess of forty hours per week.

31.     Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

32.     Plaintiff's primary job duties did not consist of the application of systems analysis techniques and procedures to determine hardware, software or system functional specifications.

33.     Plaintiff's primary job duties did not consist of the design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications.

34.     Plaintiff's primary job duties did not consist of the design, documentation, testing, creation, or modification of computer programs related to machine operating systems, or a combination of the duties set forth in Paragraphs 32 through 34.

35.     The work performed by Plaintiff required no capital investment.

36.     Plaintiff did not supervise other employees, did not have hiring and firing authority and his job duties did not include managerial responsibilities or the exercise of independent business judgment.

37.     Plaintiff frequently was required to work in excess of 40 hours a week yet the Defendants willfully failed to pay Plaintiff compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

38.     In addition to the Plaintiff, during the time period Defendants usually employed at least one hundred thirty (130) other employees simultaneously.

39.     Throughout that time and, upon information belief, both before that time

(throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiffs (the Collective Action Members/the Class) in computer-related positions whose primary job duties did not include: (i) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications; (ii) the design, development, documentation, analysis, creation testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications; (iii) the design, documentation, testing, generation or modification of computer programs related to machine operating systems; or (iv) a combination of the aforementioned duties, the performance of which required the same level of skills.

40.     Such individuals have worked in excess of 40 hours a week providing computer support services yet the Defendants have likewise willfully failed to pay them for all hours worked as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

41.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

42.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

43.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

46.     Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

47.     Plaintiff has provided written consent to be a party to this action, pursuant to 29 U.S.C. §216(b).  The named Plaintiff's written consent is attached hereto and incorporated by reference.

48.     At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

49.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.     As a result of the Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to

determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51.     Certain of the Collective Action Members went to the Corporate Defendant's human resources department and complained about the Company's overtime practices, and they were told that the Company would make an adjustment to do away with "Comp. Time" and to start paying overtime, but the Defendants failed to act to correct its overtime pay practices.

52.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

3.     Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Defendants their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW

53.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54.     At all relevant times, Plaintiff and the members of the Class were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55.     Defendants willfully violated Plaintiffs' rights and the rights of the members of the Class by failing to pay them compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour

worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

56.    The Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class irreparable harm for which there is no adequate remedy at law.

57.    Due to the Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law § 663(1) et al. Plaintiffs seek liquidated damages, pursuant to New York Labor Law § 663(1), only in the alternative if the Plaintiffs' Class is not certified.

### THIRD CLAIM FOR RELIEF
### New York Labor Law - Discrimination and Retaliation

58.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

59.    In or around December 2008 Defendants learned that Plaintiff had consulted with an attorney to discuss his right to receive overtime compensation. Defendants confronted Plaintiff with regard to his effort to obtain overtime pay and, shortly thereafter, terminated his employment from the Corporate Defendant in retaliation for Plaintiff seeking his back overtime pay. Plaintiff's employment with Defendants was terminated on or about on or about December 30, 2008, causing Defendants to violate New York Labor Law § 215.

60.    New York Labor Law § 215 states:

§ 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations

13

1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.

2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

61.     Prior to the commencement of this claim, Defendants learned that Plaintiff had retained an attorney to seek unpaid overtime compensation.  Upon learning that Plaintiff was seeking to enforce his right to overtime wages, Defendants terminated Malloy's employment with the company in retaliation for his efforts to obtain unpaid wages and overtime.

62.     Due to Defendants' illegal termination of Malloy, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement

14

to his former position, and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

15

f.  An award of wages for all hours worked and overtime compensation, minimum wages and future lost wages due under the FLSA and the New York Labor Law;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

h.  An award of damages arising out of the non-payment of wages;

i.  An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 13, 2009

PELTON SERPE LLP

By: _____
Brent E. Pelton (BP 1055)

Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, 9th Floor
New York, New York 10006
Telephone: (212) 725-3600
Facsimile: (212) 385-4600

16

December 15, 2008
Page 6

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of _____ and/or its owners and affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____   12/15/08          _____
     Signature          Date                  Printed Name